UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD SIMMONS (#103371)                                      CIVIL ACTION

VERSUS

SECRETARY JAMES LeBLANC, ET AL.                    NO. 14-664-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 21, 2015.

 _____
 RICHARD L. BOURGEOIS, JR.
 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD SIMMONS (#103371)                                             CIVIL ACTION

VERSUS

SECRETARY JAMES LeBLANC, ET AL.                                  NO. 14-0664-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate incarcerated at Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Secretary James LeBlanc, Warden N. Burl Cain, Assistant Warden Stephanie Lamartinere, Administrative Assistant Shawnee Guileyardo, EMT Christine Darbonne, and Lt. Broddie Roger complaining that his constitutional rights have been violated due to the defendants' deliberate indifference to his serious medical needs, retaliation for requesting emergency medical attention and for prior administrative grievances, and failure to afford him a disciplinary hearing after placing him in administrative segregation in connection with a wrongful disciplinary charge. The plaintiff has filed a Motion for Preliminary Injunction and Temporary Restraining Order (R. Doc. 43) asking the Court to order the defendants to provide a document requested in the course of discovery. The Motion is opposed. (R. Doc. 47).

In the instant Motion, the plaintiff is asking that defendants Assistant Warden Lamartinere and Lt. Roger be compelled to produce a copy of a disciplinary report, allegedly authored on April 28, 2014 by defendant EMT Darbonne, accusing the plaintiff of violating Rule 15 (Malingering). In the alternative, the plaintiff seeks an order compelling defendant Warden Cain to obtain and produce a copy of the disciplinary report at issue.

A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest.  *Hoover v. Morales*, 164 F.3d 221 (5th Cir. 1998).

Additionally, in accordance with the Prison Litigation Reform Act, preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm.  18 U.S.C. § 3626(a).  If the plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other element necessary for granting injunctive relief.  *Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990).

The plaintiff has not shown the exceptional circumstances needed for issuance of a preliminary injunction.  The proper means by which to obtain a copy of the aforementioned disciplinary report is to mail a Request for Production of Documents to the defendants and, if necessary, file a Motion to Compel with the Court.  *See* Fed. R. Civ. P. 5, 34, and 37.  Since the plaintiff has these options available to him, he is not facing irreparable injury[1].  Accordingly, preliminary injunctive relief is unwarranted.

---

[1] In fact, the plaintiff has a Motion to Compel currently pending before this Court.  *See* R. Doc. 35.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order be denied.

Signed in Baton Rouge, Louisiana, on October 21, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**