UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**EDWARD SIMMONS (#103371)**                                  CIVIL ACTION

**VERSUS**

**SECRETARY JAMES LeBLANC, ET AL.**                  NO. 14-664-BAJ-RLB

**ORDER**

Currently pending before the Court are the parties Cross Motions for Summary Judgment (R. Docs. 48 and 51). The defendants contend, *inter alia*, that the plaintiff's claims are subject to dismissal for failure to exhaust administrative remedies. More specifically, the defendants assert that the plaintiff's grievances concerning the underlying claims asserted in the present matter were rejected, the plaintiff did not complete the administrative remedy process correctly, and his claims are not exhausted as required by the Prison Litigation Reform Act ("PLRA"). A review of the record reveals that three of the plaintiff's grievances were rejected for either containing multiple complaints or pertaining to disciplinary matters.

Subsection I of the Louisiana Administrative Remedy Procedure provides in pertinent part, "The ARP screening officer shall furnish the offender with notice of the initial acceptance or rejection of the request to advise that his request is being processed or has been rejected…If a request is rejected, it must be for one of the following reasons, which shall be noted on the request for administrative remedy or on the offender's written letter…(b). There are specialized administrative remedy procedures in place for this specific type of complaint, such as: (i). disciplinary matters;…(g). The offender has requested a remedy for more than one incident (a multiple complaint)…" *See* La. Admin. Code Tit. 22, PT. I, § 325(I).

The Louisiana Administrative Remedy Procedure further provides in pertinent part, "Prior to filing a grievance in federal or state court, unless specifically excepted by law, the offender must exhaust all administrative remedies.  Exhaustion occurs…when the grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening."  *See* La. Admin. Code Tit. 22, PT. I, § 325(F)(3)(a)(viii)(c).

Based on a plain reading of the foregoing, pursuant to § 325(F)(3)(a)(viii)(c), the Code provides that plaintiff's grievances were exhausted when they were rejected for the reasons specified in § 325(I).[1]  Neither party has briefed the effect of the definition of exhaustion in § 325, the applicability to Plaintiff's rejected ARPs, or how § 325 comports with the requirements of 42 U.S.C.A. § 1997e(a).  Accordingly,

**IT IS ORDERED** that the plaintiff and counsel for the defendants shall, within twenty-one (21) days, submit supplemental briefs to the Court referencing and discussing all relevant authority which may potentially resolve the foregoing conflict as set forth above.

**IT IS FURTHER ORDERED** that the Report and Recommendation issued on April 29, 2016 (R. Doc. 54) be and is hereby **VACATED AND WITHDRAWN**.  A new Report and Recommendation will be issued following the submission of supplemental briefs.

Signed in Baton Rouge, Louisiana, on May 26, 2016.

                                **RICHARD L. BOURGEOIS, JR.**
                                **UNITED STATES MAGISTRATE JUDGE**

---

[1] At least one Court has applied these provisions to find that a plaintiff's claims were exhausted upon rejection in the screening process. In *Anderson v. Wilkinson*, 2014 WL 992078 (W.D. La. Mar. 13, 2004), the defendants filed a Motion for Summary Judgment asserting that the plaintiff failed to exhaust his administrative remedies as required by the PLRA.  Anderson's grievance was rejected pursuant to § 325(I)(a)(ii)(f) because the request was not written by the offender and a waiver was not approved.  Relying upon § 325(I)(1)(a)(i) and (b), the Court concluded that because Anderson's grievance was rejected at the first step, Anderson was not required to pursue the grievance to the second step.  The Court further concluded that upon rejection of Anderson's grievance by the screening officer for a reason specified in § 325(I), the grievance was exhausted under § 325(F), and the Court denied the defendants' Motion for Summary Judgment.