UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD SIMMONS                                                        CIVIL ACTION

VERSUS

SECRETARY JAMES LEBLANC, ET AL.            NO.: 14-00664-BAJ-RLB

RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 59)**, pursuant to 28 U.S.C. § 636(b)(1), addressing cross motions for summary judgment filed by Plaintiff Edward Simmons and Defendants Secretary James LeBlanc, Warden N. Burl Cain, Assistant Warden Stephanie Lamartinere, Administrative Assistant Shawnee Guileyardo, EMT Christine Darbonne, and Lieutenant Brodie Rogers (Docs. 48 and 51).

Plaintiff and Defendants seeks summary judgment on Plaintiff's 42 U.S.C. § 1983 claim of deliberate indifference to Plaintiff's medical needs, retaliation against Plaintiff for requesting emergency medical attention and for prior administrative grievances, and failure to afford Plaintiff a disciplinary hearing after placing him in administrative segregation in connection with a wrongful disciplinary charge. The Magistrate Judge recommended that "[D]efendant's Motion for Summary Judgment (Doc. 48) be granted on the grounds that the defendants are entitled to qualified immunity, that the exercise of supplemental jurisdiction be declined as to the plaintiff's state law claims, and that this action be dismissed. It is further recommended that the plaintiff's Cross Motion for Summary Judgment (Doc. 51) be

1

denied." (Doc. 59 at p. 17). The Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 59 at p. 1). Plaintiff timely filed objections to the Report and Recommendation. (Doc. 61).

Plaintiff's objections reassert much of what is contained in Plaintiff's Cross Motion for Summary Judgment (Doc. 51). However, the Court will address Plaintiff's primary objections, the gist of which concern two of the Magistrate Judge's conclusions: (1) that Defendants are entitled to qualified immunity; and (2) that Defendants failed to prove that Plaintiff did not exhaust administrative remedies under the Louisiana Administrative Remedy Procedure.

Regarding Plaintiff's first objection, the Court finds that Defendants are entitled to qualified immunity for the precise reasons stated in the Magistrate Judge's Report and Recommendation. (*See* Doc. 59 at pp. 10 – 13). Specifically, Plaintiff's contention that Defendants' evidentiary showing is insufficient to satisfy the motion for summary judgment standard misapplies the burden-shifting framework in the summary judgment context when a defendant asserts qualified immunity. See *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005) (citing *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) (explaining how the burden shifts on a motion for summary judgment in the qualified immunity context). As stated in the Report and Recommendation, once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who must establish that the

2

official's alleged wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the officials conduct. (Doc. 59 at p. 10). Stated differently, a defendant who asserts qualified immunity is *not* required to demonstrate that he did not violate clearly established federal rights. Thus, here, Plaintiff bears the burden of establishing that there was a violation of clearly established law, *i.e.*, that Defendants violated the Eighth Amendment by showing deliberate indifference to Plaintiff's medical needs. The Plaintiff failed to do so, as Plaintiff failed to establish—through the use of competent evidence—that any indifference to his medical needs was deliberate or that the relevant medical issues were substantial. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Concerning the competency of Plaintiff's evidence, Plaintiff refutes the Magistrate Judge's statements that the filed pleadings were unsworn and therefore not competent evidence for consideration at the summary judgment stage of litigation. Specifically, Plaintiff asserts that any failure to satisfy the requirements of 28 U.S.C. § 1746 or to otherwise present competent evidence was due to his inability to get proper legal guidance in prison. (Doc. 61 at p. 36). However, even considering the leniency afforded a litigant proceeding *pro se*, the law of the Fifth Circuit has never been such as to allow unsworn materials in support of a motion for summary judgment. *See Barker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981) (stating that the Fifth Circuit has never allowed *pro se* plaintiffs to oppose summary judgment by use of unsworn materials).

3

Regarding Plaintiff's second primary objection, the Court must clarify that despite Plaintiff's challenge, the Magistrate Judge's Report and Recommendation reached a conclusion in Plaintiff's favor. (Doc. 59 at p. 8). The Magistrate Judge noted that because of Defendants' acknowledgement that one of the conditions of exhaustion under the Louisiana Administrative Remedy Procedure was present in Plaintiff's case based on a plain reading of the relevant administrative provisions, "the Court concludes that the defendants are not entitled to summary judgment on the grounds that the plaintiff failed to exhaust his administrative remedies." (Doc. 59 at p. 8). Thus, Plaintiff's objection to this conclusion is unnecessary.

Having carefully considered the underlying Complaint, the instant motions, and related filings—including Plaintiff's objections—the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and hereby **ADOPTS** as its own the findings of fact, conclusions of law, and recommendations.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's **Report and Recommendation (Doc. 59)** is ADOPTED as the Court's opinion herein.

**IT IS FURTHER ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 48)** is GRANTED, and Plaintiff's **Cross Motion for Summary Judgment (Doc. 51)** is DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims against Defendants are **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction in connection with any potential remaining state law claims.

Baton Rouge, Louisiana, this 23rd day of September, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA